UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEVIN L. WHITED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:25-cv-03313 (UNA) |
| | ) |
| CARL E. ROSS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of Plaintiff Kevin Whited's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis*, ECF No. 3. The Court grants the *in forma pauperis* Application, and for the reasons explained below, it dismisses this case without prejudice.

Whited, a resident of the District of Columbia, sues a D.C. Superior Court judge who presided over a landlord-tenant proceeding filed against him by PNC Bank. *See* Compl. at 2 (citing *PNC Bank, National Association v. All Occupants, et al.*, No. 2025-LTB-001910 (D.C. Super. Ct. filed Feb. 20, 2025) ("*PNC Bank*"));[1] *see also* Compl. Exhibit A, ECF No. 1-3 (*PNC Bank* Dkt. Sheet I); Compl. Exhibit B, ECF No. 1-4 (*PNC Bank* Dkt. Sheet II). On July 2, 2025, a non-redeemable judgment for possession was entered in favor of PNC Bank, National Association and against Whited, an action which, according to Whited, closed the case. *See* Compl. at 2 (citing *PNC Bank* Dkt. Entry, "Case Status: 07/02/2025 Closed"); *see also PNC Bank* Dkt. at ("a non-redeemable judgment for possession is entered in favor of PNC Bank, National Association and against All Occupants and Kevin Whited.") (dated July 2, 2025). Later, on September 5, 2025, to

---

[1] A court may take judicial notice of the docket and facts on the public record in other court proceedings. *See Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005).

prevent eviction, Whited filed a Motion for Stay of Execution of Writ of Restitution, and the Superior Court held a hearing on September 8, 2025, denying Whited's Motion. *See* Compl. at 2; *see also PNC Bank* Dkt. at ("App of Stay of Execution of Writ of Restitution Filed") (dated Sept. 5 2025); *id.* at ("CourtSmart: 200/Webex hybrid Plaintiff's atty Ed Farnsworth present, remotely. Defendant Kevin Whited present *pro se*, in person. Defendant's written Motion for App to Stay DENIED.") (dated Sept. 9, 2025). Despite having filed the Motion for Stay of Execution in *PNC Bank*, thus availing himself of the Court's jurisdiction, Whited nonetheless now contends that, because in *PNC Bank* was already "closed," the Superior Court lacked jurisdiction to hear his Motion—an act that Whited alleges violated his civil and constitutional rights. *See* Compl. at 2–4. He asks this Court to overturn the denial of his Motion for Stay of Execution and to award him damages. *See id*. at 4–5.

Whited has failed to establish subject matter jurisdiction. His claims are barred by the *Rooker-Feldman* abstention doctrine, which prohibits federal courts from reviewing determinations made by state or local courts, *see Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). The *Rooker-Feldman* abstention doctrine "bars lower federal courts from considering not only issues raised and decided in the state courts, but also issues that are 'inextricably intertwined' with the issues that were before the state court." *Feldman*, 460 U.S. at 486; *see also Laverpool v. Taylor*, 229 F. Supp. 3d 5, 16 (D.D.C. 2017) ("Although Plaintiff styles his claims as arising under various federal statutes and constitutional protections, even a liberal reading of his Complaint makes clear that he seeks the invalidation of the judicial foreclosure on his property [by alleging that the defendants] . . . conspired to abuse the judicial process in order to unlawfully deprive him of his property.")

(cleaned up); *Ananiev v. Freitas*, 37 F. Supp. 3d 297, 312 (D.D.C.) (dismissing the plaintiff's constitutional claims stemming from an eviction as barred by the *Rooker–Feldman* abstention doctrine), *aff'd*, 587 Fed. Appx. 661 (D.C. Cir. 2014) (per curiam). Insofar as Whited seeks review of the propriety of the decisions in *PNC Bank*, such is the province of the District of Columbia Court of Appeals. *See* D.C. Ct. App. R. 4(a).

Furthermore, the named Defendant is immune to suit for damages. Judges are absolutely immune for "all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see also Mireles v. Waco*, 502 U.S. 9, 9 (1991) (acknowledging that a long line of Supreme Court precedents have found that a "judge is immune from a suit for money damages"); *Caldwell v. Kagan*, 865 F. Supp. 2d 35, 42 (D.D.C. 2012) ("Judges have absolute immunity for any actions taken in a judicial or quasi-judicial capacity."). "The scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Relevant here, "a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Id.*; *see Mireles*, 502 U.S. at 11 ("[J]udicial immunity is not overcome by allegations of bad faith or malice."); *see also Caldwell v. Kagan*, 777 F. Supp. 2d 177, 180 (D.D.C. 2011) (Although "Plaintiff asserts that he is challenging each defendant's 'non-judicial acts,' it is clear from the allegations in the complaint that the only actions he is complaining about are judicial decisions and the judicial decision-making process.").

For these reasons, this case will be dismissed without prejudice. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B)(iii). A separate Order accompanies this Memorandum Opinion.

Date: November 21, 2025

TREVOR N. McFADDEN
United States District Judge